IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHREASE S., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 23 C 16123 |
| | ) | |
| | ) | Magistrate Judge M. David Weisman |
| MARTIN O'MALLEY, Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Shrease S. appeals the Commissioner's decision finding Plaintiff not disabled and denying her application for Social Security benefits. For the reasons set forth below, Plaintiff's motion to reverse or remand the Commissioner's decision [12] is denied and Defendant's motion for summary judgment [15] is granted. The Commissioner's decision is affirmed. Civil case terminated.

**Background**

Plaintiff applied for disability benefits in February 2021, alleging an amended disability onset date in July 2020. (R. 135, 256.) Her claims were denied at the initial and reconsideration levels. (R. 117, 144.) The ALJ held a hearing in March 2023, during which Plaintiff testified and was represented by counsel. (R. 34.) In April 2023, the ALJ determined Plaintiff had the residual functional capacity to perform light work with the following limitations:

- occasionally reach overhead;
- frequently handle and finger;
- occasionally climb ramps and stairs;
- never climb ladders, ropes or scaffolds;
- occasionally balance, stoop, kneel, crouch, and crawl;
- never work at unprotected heights or near moving mechanical parts; and
- no exposure to extreme temperatures.

(R. 21.) Based on the testimony of a vocational expert, the ALJ determined that Plaintiff could perform her past relevant work and, thus, was not disabled. (R. 27.) In September 2023, the Appeals Council denied review, making the ALJ's determination the final decision of the Commissioner. (R. 1-3.) This Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

**Analysis**

"ALJs are 'subject to only the most minimal of articulation requirements'— an obligation that extends no further than grounding a decision in substantial evidence." *Morales v. O'Malley*, 103 F.4th 469, 471 (7th Cir. 2024) (quoting *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024)). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920. The Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform ("RFC") her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). Plaintiff contends that the ALJ erred on several grounds.

First, Plaintiff asserts that the ALJ relied upon flawed inferences and false equivalencies to suggest that Plaintiff's claims of disabling limitations are exaggerated. This Court gives "the ALJ's credibility finding special deference and will overturn it only if it is patently wrong." *Summers v. Berryhill*, 864 F.3d 523, 528 (7th Cir. 2017) (internal quotations and citation omitted). "[P]atently wrong . . . means that the decision lacks any explanation or support." *Murphy v. Colvin*, 759 F.3d 811, 816 (7th Cir. 2014) (citation omitted). Here, after summarizing the evidence from July 1, 2020, Plaintiff's onset date, to November 2022, the ALJ concluded:

> In sum, I find the claimant's subjective allegations are not entirely consistent with the objective medical evidence of record. The evidence established seropositive rheumatoid arthritis with some flaring symptoms. Objective imaging showed relatively no issues with the cervical spine, shoulders, hands or feet (Ex. B6F). The claimant has not had any related surgeries, she does not require an assistive device to ambulate, and she has not had recurring ER visits for complications with pain. The claimant's treatment records often showed a normal gait (Ex. B2F; B3F; B4F; B6F). The records also show that when medication compliant, the claimant's RA symptoms improved (Ex. B3F; B6F; B7F, B8F). In addition, the claimant can perform most activities of daily living, which includes some personal care tasks, simple meal prep, shopping in stores or by computer, managing finances, driving, reading, and taking vacations

>to New Orleans and Mississippi, which suggests at much greater ability to function than alleged (Ex. B4E; B5E; B6F). The claimant also testified to lifting limitations consistent with the light work (20 pounds, 2 gallons of milk).
>
>Based upon testimony and reasonable limitations, I have given the claimant limitations consistent with her own testimony, including some handling, fingering and overhead reaching limitations for her neck, shoulder and hand issues, lifting limitations due to her low back pain, occasional postural activities and never ladders etc., due flares from RA, and never work at hazards or in extreme cold/heat to avoid environmental symptom aggravation, weakness, fatigue, or workplace injury.
>
>After careful consideration of the evidence, I find that the claimant's medically determinable impairment could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record.

(R. 24-25.)

Under the relevant standard, the Court finds that the ALJ reasonably determined that Plaintiff's allegations were not fully corroborated. *See Prill v. Kijakazi*, 23 F.4th 738, 750 (7th Cir. 2022) ("Substantial evidence supports the ALJ's determination that Prill's account of her subjective symptoms was not consistent with her medical records."); *Ray v. Saul*, 861 F. App'x 102, 107 (7th Cir. 2021) ("Because the ALJ's weighing of [claimant's] reported symptoms in the context of the whole record is supported by substantial evidence, we find no reversible error on this front either."); *Schrank v. Saul*, 843 F. App'x 786, 789 (7th Cir. 2021) ("[T]he ALJ's credibility determination was not 'patently wrong,' because she found [claimant] not credible for several reasons that were adequately supported by the record.") (citation omitted). Plaintiff concedes that the ALJ "cited broadly (and reasonably) to almost 250 pages of treatment notes to assert that examinations 'often' showed no widespread pain or repeated manifestation of six or more fibromyalgia symptoms," and that "indeed, as the treatment notes reflect, at any given time, Plaintiff's pain, swelling, and other symptoms were not as severe in some areas as they were in others, and the areas affected would shift from appointment to appointment." (Pl.'s Mem. Supp. M. Summ. J., Dkt. # 12, at 7-8.) "ALJs are tasked with reviewing the evidence provided and assessing whether a claimant is exaggerating the effects of her impairments, and reviewing daily-living activities is an important part of that evaluation." *Green v. Saul*, 781 F. App'x 522, 526 (7th Cir. 2019). As the ALJ noted, Plaintiff testified that she is able to perform certain activities of daily living, including preparing light meals, attending church, shopping in stores or online, reading, conversing with family, using a computer, and taking vacations. (R. 26.) Moreover, the ALJ noted that while Plaintiff experienced flare-ups, (R. 24-25), Plaintiff's medical records reported improvement when she took her medications. (R. 22-23, 25.) Nevertheless, Plaintiff exhibited inconsistent compliance with her medication regimen. (R. 21-24, 26, 344, 366, 369,

371, 453-55, 474.) The ALJ's explanation for not fully crediting Plaintiff's statements regarding her symptoms was sufficient. *See Jean Marie M. v. O'Malley*, No. 21 C 6640, 2024 WL 3201272, at *5 (N.D. Ill. June 27, 2024) (finding that the "ALJ gave valid reasons and provided sufficient explanation for not fully crediting Claimant's subjective symptom allegations, including: (1) 'the claimant's activities of daily living do not fully support the subjective complaints made by the claimant'; (2) 'the objective medical record as a whole does not support the alleged severity of the claimant's impairments'; and (3) 'the claimant was not demonstrated to be substantially limited in her objective physical functioning, though she had some deficits'"). To the extent Plaintiff asserts that the ALJ "appeared to conflate fibromyalgia and rheumatoid arthritis," (Pl.'s Mem. Mot. Summ. J., Dkt. # 12, at 8), Plaintiff fails to cite to the record in support, so the Court does not consider this argument. Plaintiff's first basis for relief is denied.

Next, Plaintiff asserts that the ALJ failed to properly support his RFC findings. According to Plaintiff, the ALJ did not consider how the limitations arising out of Plaintiff's impairments, specifically pain, would affect her ability to sustain the on-task and attendance requirements of full-time work. "[I]t is [plaintiff's] burden to produce evidence showing how her impairments affect her ability to work." *Hansford v. Saul*, No. 18-CV-607-SLC, 2019 WL 4727771, at *4 (W.D. Wis. Sept. 27, 2019). In addition to her own testimony regarding her pain levels, which the ALJ properly determined was not corroborated by the evidence for the reasons stated above, Plaintiff points to Dr. Joy Iskander's opinion that Plaintiff's pain and stress would both "frequently" be severe enough to interfere with Plaintiff's performing simple work tasks. Specifically, Dr. Iskander opined as follows:

> The claimant [is] limited to lifting/carrying 10-15 pounds occasionally and 5 pounds or less frequently, never lift/carry 20 pounds, standing/walking 3 hours of 8, sitting 4 of 8 hours, a need for unscheduled breaks, a need to elevate her legs, bilateral handling/fingering/reaching form 30% to 50% in 8 hours, no push/pull, balance issues, problems stooping, crouching and bending, a need to avoid temperature extremes, off task more than 30% of a workday, absent from work 5 days or more a week, [and] unable to complete a full workday 5 days or more a week.

(R. 26.) The ALJ then discussed the reasons he was "unpersuaded" by Dr. Iskander's opinions, stating:

> The doctor did not adequately support such extreme limitations. For example, her recent examination findings in November 2022 showed no tender points in the chest wall, arms or legs and a musculoskeletal exam showed no tenderness or synovitis throughout (Ex. 6F). The evidence was also inconsistent with such findings: treatment notes showed a normal gait, but this doctor's opinion alleged significant balance issues when ambulating, significant limitations in standing/walking, and a need to elevate her legs during the workday (Ex. B2F, B3F, B4F, B6F). In December 2021, ER records showed some right wrist symptoms, but otherwise

4

normal physical findings (Ex. B8F). In January 2022, she had a normal gait and normal musculoskeletal range of motion despite not taking her prescribed RA medications (Ex. B6F/72-73). In February 2022, prescribed Enbrel helped manage her RA symptoms (Ex. B6F/65-69). Thereafter, imaging results of the shoulders, feet and hands were negative for abnormality (Ex. B6F). While she has some synovitis in some joints in March 2022, she had no rashes, psoriatic lesions, or issues with her elbows, wrists, knees, ankles, or finger joints (Ex. B6F/38-43). In August 2022, she felt well enough to go on vacation to New Orleans and Mississippi (Ex. B6F/22-27). The evidence at the hearing level, including the claimant's daily activities, was also inconsistent with such extreme findings (i.e., feeding self, simple meal prep, driving, shopping in stores or by computer, manage finances, watch TV, read, attend church, converse with family) (Ex. B4E; B5E).

In addition, the ALJ noted that a November 2022 examination listed Plaintiff's mental status as "normal," which was contrary to Plaintiff's March 2023 testimony of worsening symptoms. (R. 23-24.) As the Seventh Circuit recently reiterated, "social-security adjudicators are subject to only the most minimal of articulation requirements," and "[a]n ALJ need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024). The Court finds the ALJ sufficiently supported his decision to disregard Dr. Iskander's proposed limitations.[1]

The Court notes that Plaintiff did not take issue with the ALJ's rejection of findings by James Madison, M.D., who completed a prior administrative finding for the DDS at the initial level indicating the claimant had non-severe physical impairments and no associated physical limitation, and Frank Mikell, M.D., who completed a prior administrative finding for the DDS at the reconsideration level indicating that Plaintiff had severe inflammatory arthritis and limitations to a medium exertion range with lifting/carrying up to 50 pounds occasionally and 25 frequently, push/pull the same as lift/carry, stand and/or walk 6 of 8 hours, sit 6 of 8 hours, and no postural, manipulative, or environmental limitation. (R. 26.) According to the ALJ, however, hearing evidence and medical records indicated that Plaintiff has a severe physical condition with "limitations consistent with her own testimony, including some handling, fingering and overhead reaching limitations for her neck, shoulder and hand issues, lifting limitations due to her low back pain, occasional postural activities and never ladders, etc., due [to] flares from [rheumatoid arthritis], and never work at hazards or in extreme cold/heat. . . ." (R. 25.)

While Plaintiff asserts that the ALJ failed to support the finding that Plaintiff could "frequently" handle and finger bilaterally, the Court disagrees. As previously stated, the ALJ need

---

[1] In any event, Plaintiff does not explain what additional RFC limitations were required to address any limitations caused by pain, and her failure to do so renders harmless any error the ALJ may have made. *See Jozefyk v. Berryhill*, 923 F.3d 492, 498 (7th Cir. 2019) (holding that any error in RFC was harmless because plaintiff did not identify work restrictions that might address his limitations in concentration, persistence, or pace).

5

not cite support for every proposition or chain of reasoning. Moreover, as already mentioned, the ALJ noted that while Plaintiff reported at various times pain, tingling, stiffness, and tenderness in her hands, she appeared occasionally to have taken herself off the medications despite decreased pain levels when properly taking the prescribed medications. (R. 23-25.) Moreover, the ALJ referred to an August 2022 medical visit note that Plaintiff had reported "improvement in her pain since increasing methotrexate dose" and her pain was better while she was on vacation in New Orleans and Mississippi, and a November 2022 note that Plaintiff "feels like it is helping a little with her inflammation" since starting Enbrel in September 2022. (R. 24.) Given the considerable deference the Court affords the ALJ's evaluation of the evidence, the Court does not find that the ALJ's determination as to Plaintiff's limitations on handling and fingering bilaterally were patently wrong. *See Kathleen C. v. Saul*, No. 19 C 1564, 2020 WL 2219047, at *5 (N.D. Ill. May 7, 2020).

      For all the reasons stated above, the Commissioner's decision is affirmed.

**Date**: July 17, 2024

                                                          **M. David Weisman**
                                                          **United States Magistrate Judge**